Peelle, Ch. J.,
delivered the opinion of the court:
On May 14, 1898, the claimant herein was appointed and commissioned an assistant engineer in the temporary force of the Navy, under the provisions of the act of May 4,1898 (30 Stat. L., 369), in substance authorizing the President in case of exigency to appoint from civil life such officers to serve “ only during the continuance of the exigency under which *259 their services are required in the existing war.” The claimant was assigned to duty on the U. S. S. Massachusetts, a vessel in commission, on which vessel he served creditably in Cuban waters until December 17,1898, when he was detached therefrom and ordered to his home. Five days thereafter, December 22, he was discharged, his services being no longer required.
The war with Spain, which began April 21, 1898, terminated in fact at the time of, if not before, the signing of the treaty of Paris of December 10, 1898. (Thomas case, 39 C. Cls. R., 1-5.)
The claimant has been paid $166.66, being two months’ . pay based on leave or waiting orders pay of an officer of his grade. He claims ‘the difference between that sum and $283.32, the latter being two months’ pay based on sea service, hence this action.
The act of March 3, 1899 (30 Stat. L., 1228), provides:
“ The officers and enlisted men comprising the temporary force of the Navy during the war with Spain who served creditably beyond the limits of the United States, and who have been or may hereafter be discharged, shall be paid two months’ extra pay; and all such officers and enlisted men of the-Navy who have so served within the limits of the United States, and who haA^e been or may hereafter be discharged, shall be paid one months’ extra pay.”
The defendants’ contention is that this case is ruled by the case of United States v. North (112 U. S. R., 510) and the case of Emory v. United States (19 C. Cls. R., 254), in the first of which cases the court, in respect of the pay the claimant was.entitled to receive under the act, said:
“ The pay they Avere to receive was evidently that which they were receiving at the end of their engagement or when they were honorably discharged. The language is, ‘ shall be entitled to receive three months’ extra pay,’ evidently meaning the same pay they Avould have received if they had remained in the same service three months longer, it follows that, as North >vas serving at sea when he was ordered away, he Avas entitled to three months’ sea pay, and as Emory was mustered out of the service in the war as lieutenant-colonel of volunteers his pay must be in accordance with that rank.”
*260 It will also be noticed in that case that- the court said “ their engagement to serve in the war with Mexico ended when they were taken away from that service by proper authority.” And further, “ That as North was serving at sea when he was ordered away, he was entitled to three months’ sea pay.” In the present case the claimant was ordered away from the service when he was detached from his vessel, as he was appointed to serve “ only during the continuance of the exigency -under which their services are required in the existing war,” and the war was over.
In the Emory case it was held that the act of February 19, 1879.(20 Stat. L.,.316), extended the provisions of the act of July 19, 1848 (9 Stat. L., 248), to the officers, soldiers, and seamen of the Army and Navy who Served in the war with Mexico, and that three months’ extra pay provided for by those acts was pay proper and not pay and allowances. It was further held in that case that the kind of pay an officer was receiving when his service ended furnished the standard by which the extra pay was given.
In the Terrell case (40 C.. Cls. R, 78) the question was whether the claimant could recover the extra pay of the rank which he held at the time of muster out, and the'ruling was that the acts of January 12,1899, and May 26,1900, extended only to the pay which an officer or soldier would have received if his regiment had not been furloughed.
In response to the defendants’ contention and to the authorities they cite, the claimant contends that inasmuch as he was commissioned in the temporary force of the Navy his engagement ended when he was detached from his vessel and ordered home. He was detached from his vessel seven days after the signing of the treaty of Paris. His engagement having ended and he having been discharged, the two months’ extra pay should have, been given him upon the basis of the pay he was receiving when detached.
The claimant was in the temporary service of the Navy pursuant to a statute for that purpose. The facts in this case are exceptional, and upon those facts the case must rest. To hold, because the claimant was ordered to his home where he was discharged five days later instead of being discharged *261 on the day he was detached, that therefore he is entitled, only to the lesser pay would be a construction. too narrow to harmonize with the purpose of Congress as disclosed by the act.
The act clearly gives to officers “ comprising the temporary force of the Navy during the war with Spain, who served creditably beyond the limits of the United States,, and who have, been or may hereafter be discharged,” two months’ extra pay. The two months’ extra pay is given because of creditable service beyond the limits of the United States during the war with Spain, and therefore upon discharge such officers become entitled to the same pay they were .receiving while so serving beyond the limits .of the United States, and this is in effect the ruling in the Terrell case (supra) _ . ...
In other words, the basis of the two months’ extra .pay is for services at sea beyond the limits of the United States during the war with Spain, and to hold that when such service has been rendered the extra pay shall be. upon a different basis would defeat the purpose of the statute, and. thus believing, we must hold that the. claimant is entitled to recover the difference between what he was paid and the sea pay of his grade, amounting to one hundred and sixteen dollars and sixty-six cents ($116.66), for’which judgment is ordered to be entered. •